# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALEJANDRO BECERRA, <br> a/k/a Juan Flores, <br><br> Defendant. | Case No. CR15-2037 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 1st day of February, 2016, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Murray W. Bell.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 26, 2015, Defendant Alejandro Becerra was charged by Indictment (docket number 12) with conspiracy to distribute a controlled substance. At the arraignment on January 26, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 28, 2016. On the Government's motion, and agreed to by Defendant, the trial was continued to May 2, 2016 and consolidated with the trial of the co-defendants.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. Law enforcement started investigating the distribution of methamphetamine in Cedar Rapids, which then led them to Waterloo and Marshalltown. Investigators learned through

wiretaps and intercepted text messages that Defendant was scheduled to meet with Derrick Plunkett at a casino in Waterloo on February 21, 2015. Defendant appeared at that time, using an Iowa driver's license with the name "Alejandro Becerra" and a birthdate in February 1988. Plunkett later told investigators that Defendant, who Plunkett knew as "Juan," delivered one pound of methamphetamine on February 21. According to Plunkett, Defendant had delivered methamphetamine in similar amounts on three prior occasions. Other witnesses also identified Defendant as Juan Flores, and told authorities that he worked with Mario Murillo-Mora in the distribution of methamphetamine.[1]

When Defendant was recently arrested in Nebraska, he told authorities that his name was Alejandro Becerra and that he was born in February 1988. Authorities obtained information that there is an Alejandro Becerra with the same birthdate, who has an extensive criminal record in Oklahoma. Photographs indicate, however, that the Oklahoma inmate is not the Defendant in this case. Booking photographs from Marshall County show that Defendant has been booked under both the names of Alejandro Becerra and Juan Flores at different times. Authorities believe Defendant's true name is Juan Flores, but that he has used Alejandro Becerra's name and birthdate as an alias.

The criminal record for Juan Flores shows that he was adjudicated for an unknown sex offense as a juvenile and placed at the Iowa Training School for Boys in July 2001. In 2003 and 2005, "Juan Flores" was charged with failing to register as a sex offender, but the charge was dismissed both times. In 2008, Flores was again charged in Marshall County for failing to register as a sex offender, and a warrant is outstanding for his arrest. Flores was also charged in Polk County in 2009 with burglary in the second degree and harassment in the first degree, and a warrant is outstanding for his arrest.

---

[1] Murillo-Mora is charged in a separate conspiracy. *United States v. Mario Murillo-Mora*, No. 15-cr-2015 (N.D. Iowa).

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

3

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption

4

case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending trial. A witness will apparently testify that Defendant delivered pound-quantities of methamphetamine on four occasions. On one of those occasions, the contact between Defendant and the witness was surveilled (although the transaction was not apparently observed). Other witnesses will also testify to Defendant's involvement in the Murillo-Mora drug trafficking organization. Importantly, when Defendant was recently arrested in Nebraska, he appears to have given a false name and false date of birth. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 26, 2016) to the filing of this Ruling (February 1, 2016) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of February, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA